UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDIL O. RODRIGUEZ FUENTES, <br><br> Plaintiff <br><br> v. <br><br> M. DESSARO, *et al*. <br><br> Defendants. | CIVIL ACTION NO. 3:24-CV-01838 <br><br> (MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court are Defendants' motion to dismiss the complaint for failure to state a claim (Doc. 20), Plaintiff's motion to dismiss Defendant Kevin Ransom (Doc. 25), Plaintiff's motion to amend the complaint (Doc. 33), and Plaintiff's motion for an extension of time to file a sur-reply (Doc. 36). For the following reasons, the Court will grant Defendants' motion to dismiss the complaint. The Court will deny Plaintiff's three motions and will grant Plaintiff leave to file an amended complaint.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Fredil O. Rodriguez Fuentes ("Rodriguez Fuentes") initiated this action by filing a complaint in October of 2024. (Doc. 1). The complaint names four defendants: (1) M. Desarro; (2) K. Ransom, former Superintendent at SCI-Dallas; (3) J. Bohinski, current Superintendent at SCI-Dallas; and (4) Ms. Kattner, Librarian at SCI-Dallas. (Doc. 1, at 1-3). In the complaint, Rodriguez Fuentes states that he suffers because of his inability to read and understand English. (Doc. 1, at 6). He alleges that this inability to read and understand English led to an inability to engage in the original underlying criminal action and his post-trial challenges.

Rodriguez Fuentes also filed a motion to proceed *in forma pauperis*, which the Court granted on December 9, 2024. (Doc. 4; Doc. 8). Following the service of the complaint, Defendants Bohinski, Kattner, and DeSarro, filed a suggestion of death informing the Court that Defendant Ransom was deceased. (Doc. 19). They then filed a motion to dismiss the complaint. (Doc. 20). Six days later, Defendants Bohinski, Kattner, and DeSarro filed an amended suggestion of death concerning Defendant Ransom stating he passed away on January 7, 2025. (Doc. 21). Defendants Bohinski, Kattner, and DeSarro filed a brief in support of their motion to dismiss on February 21, 2025. (Doc. 22).

On March 5, 2025, Rodriguez Fuentes filed a motion to dismiss Defendant Ransom as a party to this action. (Doc. 25). On June 6, 2025, Defendants Bohinski, Kattner, and DeSarro filed their non-opposition to Rodriguez Fuentes' motion to dismiss Defendant Ransom. (Doc. 26). Following an extension of time from the Court, Rodriguez Fuentes filed brief in opposition to Defendants' motion to dismiss. (Doc. 30). On May 7, 2025, Defendants Bohinski, Kattner, and DeSarro filed a reply to Rodriguez Fuentes' brief in opposition. (Doc. 31). On May 19, 2025, the Court received and docketed Rodriguez Fuentes' motion to amend his complaint accompanied by a proposed amended complaint, but no brief in support. (Doc. 33). On June 9, 2025, Rodriguez Fuentes filed a motion for an extension of time to file a sur-reply. (Doc. 36). The Court will now address all the outstanding motions in this action.

## II. DISCUSSION

### A. MOTION TO DISMISS COMPLAINT

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions

2

which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals*

3

*Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, at 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Further, the Third Circuit instructs that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

1. **First Amendment**

Rodriguez Fuentes alleges a First Amendment access to courts claim:

> All of the Defendants were personally involved in tis incident as they all reasonably knew – or should have known – that the deficiency of not having English to Spanish legal books, and English to Spanish word programs on the law computers, and that the deficiencies could pose a risk to his ability to access the court as well as those inmates similarly situated.

(Doc. 1, at 9).

Asserting an actionable claim for denial of access to the courts requires a prisoner to allege that (1) they "lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim" and (2) they have no available remedy for the lost claim other than the present denial of access action. *Rivera v. Monko*, 37 F.4th 909, 915 (3rd Cir. 2022) (citing *Monroe v. Beard*, 536 F.3d 198, 205 (3rd Cir. 2008)). Most significant is the nonfrivolous nature of the claim allegedly lost. The lost claim must be "more than hope" in order to be deemed nonfrivolous. *Christopher v. Harbury*, 536 U.S. 403, 416 (2002). "[T]he underlying claim must be specifically identified and meritorious." *McClain v. Hoover*, No. 1:21-CV-992, 2024 WL 5683260, at *4 (Nov. 22, 2024) (citing *Allen v. Ripoll*, 150 F. App'x 148, 150 (3d. Cir. 2005)).

In the complaint, Rodriguez Fuentes alleges that because of his inability to read, write, and understand English, he is unable to "reasonably respond to or participate," at any level of his legal proceedings and that he depends on others. (Doc. 1, at 6). "[S]adly to say some of whom have led plaintiff astray due to plaintiff's inability to comprehend what was written

5

and the subject matter of what was add, or not, to a[] legal filings." (Doc. 1, at 6). Rodriguez Fuentes further alleges that he is "unable to engage in original actions of the courts" to remedy claims associated with his illegal sentence based off a guilty plea given unknowingly because of his inability to read and understand "to any particular degree the English language, written or spoken." (Doc. 1, at 6). He further states that "[t]he tools it requires in order for an inmate to attack his sentence directly or collaterally or conditions of confinement, simply were and are not sufficient or not available." (Doc. 1, at 6).

Reading the complaint liberally, it appears that Rodriguez Fuentes is referring to post-trial appeal, petitions filed pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"), or a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, he fails to identify the specific claim or identify how it would be meritorious. In fact, it is unclear if Rodriguez Fuentes has even taken any steps to attack his sentence. Therefore, he fails to state an access to courts claim under the First Amendment, and the claim will be dismissed without prejudice.

**2. Fifth Amendment Claim**

Rodriguez Fuentes raises claims under the Fifth Amendment. (Doc. 1, at 8). The Fifth Amendment provides, in pertinent part, that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law[.]" *See* U.S. Const. amend. V. The provisions of the Fifth Amendment only concern federal action, not state or private action. *See, e.g., Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (stating that "[t]he Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law' "); *Nguyen v. U.S. Cath. Conf.*, 719 F.2d 52, 54 (3d Cir. 1983) (stating that "[t]he

limitations of the [F]ifth [A]mendment restrict only federal governmental action and not the actions of private entities" (citing *Public Utilities Commission v. Pollak*, 343 U.S. 451, 461 (1952)); *Nemeth v. Off. of Clerk of Superior Ct. of New Jersey*, 837 F. App'x 924, 929 n.5 (3d Cir. 2020) (unpublished) (noting that the district court had properly concluded that, because all of the named defendants were state and private officials and entities, the plaintiff could not pursue a Fifth Amendment claim against any of them because the Fifth Amendment's due process clause only "protects against federal governmental actions, not state actions").

Here, Defendants are or were employees of the Department of Corrections who work at SCI-Dallas. (Doc. 1, at 2-3). They are or were, therefore, state employees, not federal employees. Thus, the Court finds that Rodriguez Fuentes' Fifth Amendment claim fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b). As such, the Court will dismiss the Fifth Amendment claim from this action with prejudice.

3. **Eighth Amendment Claim**

Rodriguez Fuentes also raises an Eighth Amendment claim premised on the lack of access to legal material in Spanish. (Doc. 1, at 8-9). The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. Amend. VIII. Prison conditions constitute cruel and unusual punishment if they result in a serious deprivation of the prisoner's basic human needs. *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). Only conditions that are so reprehensible as to be deemed inhumane under contemporary standards or deprive an inmate of minimal civilized measures of the necessities of life violate the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "A claim of inhumane prison conditions may rise to the level of an Eighth Amendment violation where the prison official 'deprived the prisoner of the minimal civilized

7

measure of life's necessities' and 'acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future health.'" *Palakovic*, 854 F.3d at 225 (quoting *Parkell v. Danberg*, 833 F.3d 313, 335 (3d Cir. 2016)). Such a claim contains two requirements: an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prisoner asserting a claim that the conditions of confinement violate the Eighth Amendment must allege: (1) that objectively, they were "incarcerated under conditions posing a substantial risk of serious harm;" and (2) that the defendant prison official personally knew of the substantial risk to the inmate's health or safety and failed to "respond [ ] reasonably to the risk." *Farmer*, 511 U.S. at 834, 844–45. Here, nothing Rodriguez Fuentes alleges raises the necessary elements of an Eighth Amendment claim. Therefore, the Eighth Amendment claim will be dismissed.

   **4. Fourteenth Amendment**

Rodriguez Fuentes raises an equal protection claim under the Fourteenth Amendment. (Doc. 1, at 6, 8-9). The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws, "which is essentially a direction that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Thus, to state a claim under the Equal Protection Clause, a plaintiff must allege that (1) he is a member of a protected class, and (2) he was treated differently from similarly situated inmates. *See City of Cleburne*, 473 U.S. at 439.

Rodriguez Fuentes fails to allege that he is a member of a suspect class. He makes no allegation concerning race or national origin, only that he speaks Spanish and does not speak English. (Doc. 1). This is insufficient to be a suspect class. *See Paradoa v. Philadelphia Housing*

8

*Authority*, No. 13-6012, 2014 WL 2476595 (E.D. Pa. Jun. 2, 2014) (citing *Soberal–Perez v. Heckler,* 717 F.2d 36, 41 (2d Cir.1983) (stating, in equal protection context, "[a] classification [that] is implicitly made . . . on the basis of language, i.e., English-speaking versus non-English-speaking individuals, [is] not on the basis of race, religion or national origin.")). Therefore, the equal protection claims will be dismissed without prejudice.

After reviewing the complaint and Defendants' motion to dismiss, it is apparent that Rodriguez Fuentes fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Defendants' motion (Doc. 20) will be granted, and the complaint will be dismissed without prejudice.

B. MOTION TO DISMISS DEFENDANT RANSOM

Rodriguez Fuentes' motion to dismiss Defendant Ransom (Doc. 25) will be denied as moot. Defendant Ransom was named as a defendant in the complaint. (Doc. 1). He passed away on January 7, 2025. (Doc. 21). Despite his death, the complaint fails to state a claim upon which relief may be granted against Defendant Ransom as discussed above. Therefore, there is no need to dismiss Defendant Ransom as a defendant and the motion to do so will be denied as moot.

C. MOTION TO AMEND/CORRECT THE COMPLAINT

On May 19, 2025, the Court received and docketed a motion to amend the complaint and a proposed amended complaint. (Doc. 33; Doc. 33-1). Rodriguez Fuentes did not file a brief in support his motion to amend as required under Local Rule 7.5. However, the motion itself is provides the rationale for his reasons to amend the complaint, which the court construes as a brief and motion combination. (Doc. 33). Therefore, the court will address the motion on its merits.

Federal Rule of Civil Procedure 15(a)(1) permits amendment of a pleading as a matter of course.

A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)

"In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

In the motion to amend, Rodriguez Fuentes states that he is seeking to amend the complaint to add the Secretary of the DOC, Dr. Laurel R. Harry, as a party. (Doc. 33). Attached to the motion is a proposed amended pleading. (Doc. 33-1). This proposed amended pleading does not cure the defects set forth above as to the First, Fifth, Eighth, and Fourteenth Amendment claims raised. (Doc. 1; Doc. 33-1). Therefore, merely naming a new defendant will equate to raising a claim for which relief may be granted. As such, the amended complaint is superfluous, and the Court will deny Rodriguez Fuentes' motion to amend his complaint. However, the Court will grant Rodriguez Fuentes the opportunity to file an amended complaint so as to allow him to cure the pleading defects identified in this memorandum.

D. MOTION FOR AN EXTENSION OF TIME

Rodriguez Fuentes filed a motion for an extension of time to file a response Defendants' reply, i.e. a sur-reply. (Doc. 36). Local Rule 7.7 states that no briefing beyond

the reply brief may be filed without leave of the court. Rodriguez Fuentes has not sought leave to file a sur-reply. Therefore, Rodriguez Fuentes' motion will be denied.

### III.  CONCLUSION

Defendants' motion to dismiss the complaint will be granted, and the complaint will be dismissed for failing to state a claim upon which relief may be granted. Rodriguez Fuentes will be granted 30 days to file an amended complaint. *See Grayson*, 293 F.3d at 108. Rodriguez Fuentes' motion to dismiss Defendant Ransom will be denied as moot. Rodriguez Fuentes' motion to amend the complaint and motion for an extension of time to file a sur-reply will be denied.

An appropriate Order will follow.

Date: July 15, 2025                                            *s/ Karoline Mehalchick*
                                                                              **KAROLINE MEHALCHICK**
                                                                              **United States District Judge**

11