**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

FREDIL O. RODRIGUEZ FUENTES,

        Plaintiff

        v.

M. DESSARO, *et al*.

        Defendants.

CIVIL ACTION NO. 3:24-CV-01838

(MEHALCHICK, J.)

**MEMORANDUM**

Before the Court are a motion to appoint counsel (Doc. 51) and a motion to amend the complaint (Doc. 52), filed by Plaintiff Fredil O. Rodriguez Fuentes ("Rodriguez Fuentes"). For the following reasons, the Court will grant Plaintiff's motion for appointment of counsel and to amend the complaint. The Court will also order the amended complaint be served on Laurel Harry ("Harry"), the Secretary of the Pennsylvania Department of Corrections ("DOC").

### I.  BACKGROUND AND PROCEDURAL HISTORY

Rodriguez Fuentes initiated this action by filing a complaint in October of 2024. (Doc. 1). The complaint named four defendants: (1) M. Desarro ("Desarro"); (2) K. Ransom ("Ransom"), former Superintendent at SCI-Dallas; (3) J. Bohinski ("Bohinski"), current Superintendent at SCI-Dallas; and (4) Ms. Kattner ("Kattner"), Librarian at SCI-Dallas. (Doc. 1, at 1-3). In the complaint, Rodriguez Fuentes stated that he suffered because of his inability to read and understand English. (Doc. 1, at 6). He alleged that this inability to read and understand English led to an inability to engage in the original underlying criminal action and his post-trial challenges.

Rodriguez Fuentes also filed a motion to proceed *in forma pauperis*, which the Court granted on December 9, 2024. (Doc. 4; Doc. 8). Following the service of the complaint, Defendants Bohinski, Kattner, and DeSarro, filed a suggestion of death informing the Court that Defendant Ransom was deceased. (Doc. 19). They then filed a motion to dismiss the complaint. (Doc. 20). Six days later, Defendants Bohinski, Kattner, and DeSarro filed an amended suggestion of death concerning Defendant Ransom stating he passed away on January 7, 2025. (Doc. 21). Defendants Bohinski, Kattner, and DeSarro filed a brief in support of their motion to dismiss on February 21, 2025. (Doc. 22).

On March 5, 2025, Rodriguez Fuentes filed a motion to dismiss Defendant Ransom as a party to this action. (Doc. 25). On June 6, 2025, Defendants Bohinski, Kattner, and DeSarro filed their non-opposition to Rodriguez Fuentes' motion to dismiss Defendant Ransom. (Doc. 26).

On July 15, 2025, the Court entered a memorandum and order granting Defendants' motion to dismiss the complaint. (Doc. 39; Doc. 40). In doing so, the Court dismissed all Fifth Amendment claims with prejudice and all First, Eighth, and Fourteenth Amendment claims without prejudice. (Doc. 40). Since the complaint was dismissed, the Court denied Rodriguez Fuentes' motion to dismiss Ransom as a Defendant as moot. (Doc. 40). The Court granted Rodriguez Fuentes an opportunity to file an amended complaint. (Doc. 40).

Following an extension of time, Rodriguez Fuentes timely filed an amended complaint. (Doc. 44). The amended complaint names the following four individuals as defendants: (1) Harry; (2) Dessaro; (3) Kattner; and (4) Bohinksi. (Doc. 44, at 7-8). The amended complaint appears to raise First Amendment, Eighth Amendment, and Fourteenth Amendment claims. (Doc. 44). Rodriguez Fuentes then filed a supplement to the amended

complaint that consists of a prayer for relief. (Doc. 46). Defendnats Dessaro, Katter, and Bohinski have not yet answered the complaint in accord with Fed. R. Civ. P. 15(a).

Now, Rodriguez Fuentes has filed a pending motion for appointment of counsel and a motion for leave to file an amended complaint. (Doc. 51; Doc. 52). The Court will grant Plaintiff's motions, conditionally appoint counsel, and grant Rodriguez Fuentes leave to further amend his complaint. The Court will direct waiver of service forms to be sent to Defendant Harry to appear in the action.

## II.   DISCUSSION

### A.  MOTION TO APPOINT COUNSEL

Rodriguez Fuentes request the appointment of counsel in light of his limited ability to communicate in English. Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Houser v. Folino,* 927 F.3d 693, 697 (3d Cir. 2019). The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman,* 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace,* 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances after a finding that the plaintiff's case has arguable merit in fact and law. *Tabron,* 6 F.3d at 155. If the court finds that the plaintiff has crossed this threshold inquiry, the court should consider the following factors in deciding whether to request a lawyer to represent an indigent plaintiff:

(1)   the plaintiff's ability to present his or her own case;

(2)   the complexity of the legal issues;

(3)   the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

3

(4)    the plaintiff's ability to retain counsel on his or her own behalf;

(5)    the extent to which a case is likely to turn on credibility determinations, and;

(6)    whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155-57. This list of factors is non-exhaustive, and no single factor is determinative. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)). Instead, these factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases." *Montgomery*, 294 F.3d at 499. Based on Rodriguez Fuentes' alleged limited ability to communicate in English, the Court finds it appropriate to conditionally appoint counsel at this time.

B.    MOTION TO AMEND COMPLAINT

Rodriguez Fuentes is seeking leave to further amend his complaint. (Doc. 51). Federal Rule of Civil Procedure 15(a)(1) permits amendment of a pleading as a matter of course.

A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)

"In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Local Rule 15.1 also requires that any motion to amend a pleading be accompanied by a proposed amended pleading.

Here, Rodriguez Fuentes has not filed a proposed amended complaint with this motion to amend. (Doc. 51). However, the Court recognizes that Rodriguez Fuentes' alleged limited knowledge of the English language has repeatedly presented struggles in composing a proper complaint under Fed. R. Civ. P. 8. Therefore, the Court will freely give leave to Rodriguez Fuentes to further amend his complaint.

## III.    CONCLUSION

Based on the above rationale, the Court will grant Rodriguez Fuentes' pending motions, conditionally appoint counsel, grant him leave to further amend his complaint, and serve waiver of service forms to Defendant Harry.

An appropriate Order will follow.

**Date: May 22, 2026**                    *s/ Karoline Mehalchick*
                                          **KAROLINE MEHALCHICK**
                                          **United States District Judge**